UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUADIR SHELTON<br>1722 North Edgewood Street<br>Philadelphia, PA 19151<br><br>    Plaintiff,<br><br>    v.<br><br>BRIAD WENCO LLC<br>d/b/a WENDY'S<br>7700 City Line Avenue<br>Philadelphia, PA 19151<br><br>    Defendant | JURY DEMANDED<br><br><br>No. |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, Quadir Shelton, (hereinafter "Plaintiff" or "Mr. Shelton") is an adult individual residing at the above address.

2. Defendant, Briad Wenco d/b/a Wendy's (hereinafter "Defendant" or "Wendy's") is a corporation organized and existing under the laws of Pennsylvania, operating a franchise at the above address.

3. At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein within the course and scope of their employment with and for Defendant.

4. Mr. Shelton exhausted his administrative remedies pursuant to the Equal Employment Opportunity. (See Exhibit "A," a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

5. This action is instituted pursuant to Title VII of the Civil Rights Act of 1964 and applicable federal and state law.

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Mr. Shelton was working for Defendant in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II. Operative Facts.**

8. Mr. Shelton was employed by Defendant from September 27, 2022, through December 10, 2022, approximately for 2.5 months.

9. On or about September 27, 2022, Wendy's hired Mr. Quadir Shelton as a crew member. Mr. Shelton performed all duties asked of him without any complaints or issues.

10. From approximately the middle of October of 2022, and throughout the remainder of his employment, Mr. Shelton experienced sexual advances and harassment from his direct manager, Defendant's Assistant Manager Quadira Lucas.

11. Quadira had been subjecting Mr. Shelton to inappropriate, unsolicited and unreciprocated, sexual contact and conduct such as intentionally rubbing her buttocks against him while he was working on his station.

12. Quadira had also been asking him personal questions, trying to approach him, and even asking him out, but Mr. Shelton declined and refused to give in.

13. From approximately the beginning of November of 2022, and throughout the month of December of 2022, Mr. Shelton attempted to address the issue with the General Manager, Kimberly Ray, but she was initially dismissive to Mr. Shelton's complaints about Quadira's behavior and then she stopped responding altogether to Mr. Shelton's complaints.

14. About one week after, Mr. Shelton first reported Quadira's behavior to Kimberly, he learned that his personal information was being shared without his consent by Quadira.

15. On or about December 10, 2022, Mr. Shelton tried to address the issue with Quadira, but she refused him entry into the restaurant and Mr. Shelton was told by Kimberly that she no longer wanted him to work there.

16. Mr. Shelton was terminated on December 10, 2022.

17. After his termination, Mr. Shelton later found out that Quadira was not fired and Kimberly stopped responding to Mr. Shelton's attempts to contact her.

18. As a direct and proximate result of Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

**CAUSES OF ACTION**

**COUNT I**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**SEX DISCRIMINATION**
**(42 U.S.C.A. § 2000e-2(a))**

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff had to endure pervasive and regular harassment, antagonism and sexual harassment and sex-based discrimination from his Direct Assistant Manager, Quadira.

21. The sex-based harassment that Plaintiff suffered was unwelcomed and unreciprocated by Plaintiff.

3

22. An employer is vicariously liable for a hostile work environment created by a supervisor.

23. This harassment detrimentally affected Plaintiff in that, among other things he suffered physical pain, embarrassment, humiliation, emotional distress, and disruption to his life because of Defendant's actions.

24. The harassment by direct manager, Quadira would detrimentally affect a reasonable person for all of the reasons stated herein, as the harassment and its results would cause decreased wages, pain, drying up, lost wages, and embarrassment and humiliation to a reasonable person.

25. The harassment of Plaintiff by Defendant's employees was willful and intentional.

26. Plaintiff endured the offensive conduct because it was a condition of his continued employment.

27. Defendant's conduct was severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

28. Despite Plaintiff complaining about these issues he was having with direct manager, Quadira, no meaningful remedial action was taken with respect to the harassment.

29. This willful, intentional, and unlawful sex-based harassment and discrimination violates the laws and regulations of the United States, including without limitation, 42 U.S.C § 2000e, et seq. and requires the imposition of punitive damages.

**COUNT II**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**SEX HARASSMENT, QUID PRO QUO**

30. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

31. Plaintiff had to endure pervasive and regular harassment, antagonism and sexual harassment and sex-based discrimination from Direct Manager, Quadira.

32. The sex-based harassment that Plaintiff suffered was unwelcomed and unreciprocated by Plaintiff.

33. An employer is vicariously liable for a hostile work environment created by a supervisor.

34. This harassment detrimentally affected Plaintiff in that, among other things he suffered physical pain, embarrassment, humiliation, emotional distress, and disruption to his life because of Defendant's actions.

35. The harassment by direct manager, Quadira would detrimentally affect a reasonable person for all of the reasons stated herein, as the harassment and its results would cause decreased wages, pain, drying up, lost wages, and embarrassment and humiliation to a reasonable person.

36. The harassment of Plaintiff by Defendant's employees was willful and intentional.

37. Plaintiff endured the offensive conduct because it was a condition of his continued employment.

38. Defendant's conduct was severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

39. Despite Plaintiff complaining about these issues he was having with direct manager, Quadira, no meaningful remedial action was taken with respect to the harassment.

40. This willful, intentional, and unlawful sex-based harassment and discrimination violates the laws and regulations of the United States, including without limitation, 42 U.S.C § 2000e, et seq. and requires the imposition of punitive damages.

### COUNT III
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### RETALIATION

41. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

42. At set forth above, Plaintiff made complaints about direct manager, Quadira concerning the sexual discrimination and harassing conduct in the workplace and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

43. Defendant took adverse action against Plaintiff by terminating his employment.

44. As set forth above, Plaintiff' participation in protected activity was a motivating factor in Defendant's decision to terminate his employment.

45. As such, Defendant's decision to terminate Plaintiff's employment is a retaliatory action prohibited by the Civil Rights Act of 1964, §704(a).

46. As a proximate result of Defendant conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

47. As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

48. Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C. §2000e-3(a), et seq., Plaintiff demands attorneys' fees and court costs.

**WHEREFORE,** Plaintiff, Quadir Shelton, demands judgment in his favor and against Defendant, Wendy's, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys' fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: */s/ Mary LeMieux-Fillery , Esquire*
**MARY LEMIEUX-FILLERY, ESQUIRE** (PA I.D. 312785)
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Ph: 267-546-0132
Fx: 215-944-6124
*Attorney for Plaintiff, Quadir Shelton*

Date: 02/05/2024

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S. § 4904, relating to unsworn falsification to authorities.

02/05/2024
(Date Signed)

Electronically Signed  2024-01-30 18:27:47 UTC - 98.225.149.25
Quadir Shelton
Nintex AssureSign®  b7ca5c3e-079c-41a0-8de0-b1060151bc54

Quadir Shelton